This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40698

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**BENJAMIN E.,**

Respondent-Appellant,

and

**SAMANTHA E.,**

Respondent,

**IN THE MATTER OF SAMUEL E.,
LIAM E., REYNNA E., and
CHRISTOPHER E.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY
Flora Gallegos, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker

El Prado, NM

for Appellant

David Silva, Attorney at Law
David Silva
Las Vegas, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Respondent (Father) appeals the district court's order terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In his memorandum in opposition, Father continues to assert the evidence was insufficient to support the termination of his parental rights. Father explains that he engaged with his treatment plan, and contends that the district court's termination order was inconsistent with the district court's earlier orders. [MIO 11-12] As we explained in our calendar notice [CN 5-6], "compliance with the terms of a treatment plan is not dispositive of the issue of parental termination." *State ex rel. Child., Youth & Fams. Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978. In addition, our calendar notice discussed Father's acknowledgment—which he does not contest in his memorandum in opposition—that he failed to complete specific treatment plan items. [CN 6] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Under the circumstances, we are not persuaded that Father's early progress, which the district court recognized in its judicial review and permanency orders [MIO 8, 11], precludes the district court's ultimate conclusion that the causes of the neglect were unlikely to change in the foreseeable future. *Cf. State ex rel. Child., Youth & Fams. Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 (providing that on appeal, we employ a narrow standard of review, view the evidence in the light most favorable to the prevailing party, and do not reweigh the evidence); *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53 (explaining that a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence"). We also note that, although Father claims he should have been given more time with his treatment, "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that cause their children to be deemed neglected or

abused." *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 53, 136 N.M. 53, 94 P.3d 796.

**{3}** Father additionally continues to assert that the Children, Youth and Families Department's (CYFD) efforts were unreasonable, specifically contending that CYFD rushed to file its termination motion and that "reasonable efforts required [CYFD] to allow him more time to engage in services." [MIO 14-15] "Parents do not have an unlimited time to rehabilitate and reunite with their children." *Id.* ¶ 21. "A motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding." NMSA 1978, § 32A-4-29(A) (2022). In light of the district court's findings that Father did not fully participate or successfully complete various aspects of his treatment [CN 6-8], we conclude the district court did not err by holding that CYFD met its burden to provide reasonable efforts, despite Father's apparent claim that with additional time and the right treatment he could have overcome his substance abuse issues. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 26, 27, 132 N.M. 299, 47 P.3d 859 (explaining that "states are not required to make reunification efforts for an indefinite period of time" and that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent"); *see also id.* ¶ 23 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting.").

**{4}** Father has not otherwise presented any additional facts, authority, or argument that persuade this Court that our notice of proposed disposition was erroneous as to any of the issues raised. *See Hennessy*, 1998-NMCA-036, ¶ 24; *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Lastly, based on the foregoing, we reject Father's request for reassignment to the general calendar [MIO 12-13] because it "would serve no purpose other than to allow appellate counsel to pick through the record" and "[i]t has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error." *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479.

**{5}** Accordingly, for the reasons discussed herein and in our notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**